Case 4:23-cr-00284 Document 31 Filed on 09/07/23 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:23-CR-00284-002 |
| | § | |
| Lillian Diem Thai | § | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for Reconsideration of Pretrial Release and Changed Circumstances (ECF 19). The District Judge to whom Defendant's case is assigned referred the motion for disposition. ECF 25. Defendant has also filed additional briefing in connection with the Motion for Reconsideration, including a Supplement to Defendant's Motion For a Detention Hearing and Pretrial Release (ECF 22), and Second Supplement to Defendant's Motion For a Detention Hearing and Pretrial Release (ECF 23). The United States filed its Response in Opposition to Defendant Lillian Thai's Motion for Reconsideration of Pretrial Release and Changed Circumstances (ECF 24). Having considered all of the briefing, the arguments of the parties at an oral hearing held on September 6, 2023, the Bail Reform Act, and the case law, the Court finds that the Defendant has failed to meet her burden to show information that was not known to her at the time of her detention hearing and which has a material bearing on whether there are conditions of release which can reasonably assure her appearance as required. Therefore, as explained in further detail below, Defendant's Motion for Reconsideration, which she has clarified is a motion to reopen her detention hearing under 18 U.S.C. § 3142(f), is DENIED.

### I.     Background

Defendant was charged by criminal complaint on June 28, 2023. ECF 1. ECF 5. On that same day, she was arrested in Los Angeles, California after her return flight from Vietnam landed at Los Angeles International Airport. ECF 4. The next day, she had an initial appearance and detention hearing before a U.S. Magistrate Judge in the Central District of California. ECF 12-4. The magistrate judge in the Central District of California ordered that she be detained rather than given pretrial release. ECF 12-1. Defendant and the papers in her case were then transferred to the Southern District of Texas. *See* ECF 12-4; FED. R. CRIM. PROC. 5(3)(E).

On July 19, 2023 Defendant filed in the Southern District of Texas her Motion for Reconsideration. ECF 19. Her supplemental briefing, filed after the district judge referred the Motion for Reconsideration, clarifies that her Motion for Reconsideration is brought pursuant to 18 U.S.C. § 3142(f) and is not a motion for review of the Central District of California magistrate judge's detention order under 18 U.S.C. § 3145(b).

### II.    Analysis

The United States argues that a motion to reopen the detention hearing under § 3142(f) must be brought before *the same magistrate judge* who held the original hearing and entered the order of detention, citing *U.S. v. Cisneros*, 328 F.3d 610 (10th Cir. 2003) and other cases. Although the Fifth Circuit does not appear to have addressed the issue, this Court disagrees. As discussed below, the Court maintains the authority to hear the § 3142(f) motion and the authority to enter an order granting or denying the motion to reopen a detention hearing held in another district. 18 U.S.C. § 3142(f); s*ee also,* 28 U.S.C. § 636(a)(2) (authorizing magistrate judges with the power to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial[.]").

The Court disagrees with the Government's position that a motion to reopen a detention hearing must be brought before the same judge who entered the initial order. In *U.S. v. Cisneros*, the case cited by the Government, the Tenth Circuit stated in *dicta* that, "[b]y its terms [section 3142(f)] applies to reconsideration of a detention or release order by *the same* judicial officer who entered the initial order." *U.S. v. Cisneros*, 328 F.3d at 614 (emphasis added). The precise language of the Bail Reform Act quoted by the Tenth Circuit states:

> **(f) Detention hearing.**-The *judicial officer* shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community. . . .
>
>               \*      \*      \*
>
> The hearing may be reopened, before or after a determination by the *judicial officer*, at any time before trial, if the *judicial officer* finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2) (italics added). Presumably, the Tenth Circuit and other courts rely on the placement of the word "the" before "judicial officer" as a basis for stating that a motion to reopen a detention hearing under § 3142(f) must be brought before *the same judicial officer* who entered the initial order. However, this position is disproven by the definition of the term "judicial officer" in the Bail Reform Act.

The Bail Reform Act defines "judicial officer" as "*any person or court* authorized pursuant to section 3041 of this title[1] or the Federal Rules of Criminal Procedure, to detain or release a person before trial or sentencing or pending appeal in a court of the United States, . . . ." 18 U.S.C. § 3156 (emphasis added). Inserting the definition of judicial officer into the phrase

---

[1] Section 3041 of the Bail Reform Act provides that "for any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate judge, . . . .be arrested and imprisoned or released as provided in [the Act]."

quoted by the Tenth Circuit in *Cisneros* yields the following:

> The hearing may be reopened, before or after a determination by "*any person or court authorized. . . to detain or release a person…*", at any time before trial, if "*any person or court authorized. . . to detain or release a person…*" finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Inserting the definition of "judicial officer" contained in the Bail Reform Act, makes clear that the Bail Reform Act allows *any person or court* authorized by the Act or the Federal Rules of Criminal Procedure to detain individuals, to also entertain a motion to reopen a detention hearing. And of course, this makes sense. The Bail Reform Act allows the detention hearing to be reopened "at any time before trial.*"* 18 U.S.C. § 3142(f)(2). Surely the use of the article "the" before the term "judicial officer" in § 3142(f)(2) was not intended to preclude a district judge from considering a motion to reopen a detention hearing at any time before trial, even when the detention order was issued by a magistrate judge in another district. Contrary to *dicta* found in some court opinions, this process does not create a situation in which one magistrate judge is reviewing the order of another magistrate judge. Rather, in a situation like this one, the magistrate judge in the charging district merely considers whether the defendant has met the burden to show that "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community and other persons, and if so, whether that *new information* justifies modifying the original decision. 18 U.S.C. § 3142(f).

Having found that authority to hear the motion in this district exists, the court finds that Defendant has not met the legal standard required to reopen the detention hearing. *See* 18 U.S.C. § 3142(f). Defendant has not presented any evidence that was unknown or unavailable to

Defendant at the time of the detention hearing in California. *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) (finding witness testimony was not newly discovered or unavailable because defendant "never asked for more time to locate witnesses[,]" then a week later, sought to introduce affidavits from friends and family). As represented by counsel at the hearing and in the Motion for Reconsideration, the "new information" consists mainly of the amount of equity in the Defendant's properties. ECF 19 at 2. Even if not known by the Defendant herself at the time of her detention hearing, this information was certainly available by estimate or by review of financial records. Furthermore, Counsel for Defendant could have requested a continuance of up to five days in order to obtain information regarding the amount of equity in her properties.

Finally, if contrary to this Court's conclusion, a reviewing court agrees with the Government's position that the Bail Reform Act does not authorize this Court to hear a motion to reopen a detention hearing held in another district, that argument provides an alternative basis for denial of the motion.

### II. Conclusion

It is therefore ORDERED that Defendant's Motion for Reconsideration of Pretrial Release and Changed Circumstances (ECF 19) is DENIED.

Signed on September 07, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge